(CT) ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 FEB 27  AM 9:02

CLERK OF COURT

Billy D. Price
Billy D. Price, P.C.
5489 Blair Rd., Ste 425
Dalla,s Texas 75231
(214) 696-9601
(214) 696-9635
SBN 16283860

Attorney for Debtor(s)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth ~~DALLAS~~ DIVISION

| | |
|---|---|
| Preyer, Deneen Lynette <br><br> **PLAINTIFF** <br><br> VS. <br><br> NCO Financial Systems, Inc. <br><br> **DEFENDANT** | CASE NO. <br> **4-07CV-133-Y** |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE JUDGE OF SAID COURT:

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") Texas Debt Collection Practices Act § 392.001 *et seq*., Texas Finance Code. (hereinafter "State Act") and Texas Deceptive Trade Practices Act, § 17..01 *et seq*. of the Texas Business and Commerce Code (hereinafter "DTPA").

**Jurisdiction and Venue**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C §§ 2210 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## Parties

5.   Plaintiff is a natural person residing in Arlington, Texas.

6.   The Defendant, NCO Financial Systems, Inc., is a foreign corporation registered to business in the State of Texas. The Defendant, NCO Financial Systems, Inc. maintains its principal place of business at 507 Prudential Road, Horsham, PA 19044. Upon information and belief, NCO Financial Systems, Inc. is licensed by the State of Texas to collect debts within the State of Texas. NCO Financial Systems, Inc. can be served with service of process by serving their registered agent for service of process in the State of Texas, CT Corporation System, 350 N. ST. Paul Street, Dallas, TX 75201.

## Factual Allegations

7.   On October 17, 2000, the Plaintiff filed a Chapter 13 Bankruptcy in the Northern District of Texas, Fort Worth Division, Case No. 00-45526.

8. This Chapter 13 case was completed and discharged on January 3, 2006.

9. One of the provisions of the Chapter 13 plan was to pay a student loan debt that the Debtor owed to the Louisiana Higher Education Authority, in the amount of $19,000.00.

10. At the completion of the plan, the Student Loan debt that the debtor owed to Louisiana Higher Education Authority was paid the sum of $19,000.00 plus interest of $2,855.40.

11. The Plaintiff believed that she had paid the student loan she owed to the Louisiana Higher Education Authority in full.

12. Beginning on June 1, 2006, the Plaintiff began to receive phone calls from NCO. The Plaintiff received at least 1 call per week from June 1, 2006 until November 30, 2006.

13. Beginning in December of 2006, the Plaintiff starting receiving phone calls from NCO at home and at work. The Plaintiff received at least 3 calls per week from NCO during the month of December of 2006.

14. Starting in January of 2007, the phone calls received by the Plaintiff from NCO started to increase at home and at work.

15. The messages from NCO that began in January 2007, asked the Plaintiff to call Chris with NCO at the phone number, 1-800-227.4000, Extension 3073, I. D. Code 15540664.

16. On Janaury 3, 2007, the Plaintiff spoke to NCO's representative Chris and explained to him that she had paid off the debt he was trying to collect on through her Bankruptcy and asked him to call her Attorney. The Plaintiff also asked not to be called anymore.

17. On January 8, 2007 the Plaintiff received another call from NCO's agent, named Chris, and she told him to contact her Lawyer; not to call her at work anymore because it could effect her employment. Chris told the Plaintiff that if she did not take care of this debt, that they were going to start the process of garnishing her wages.

18. Throughout the month of January 2007 and February, 2007, NCO's agent, Chris continued to call the Plaintiff at home and at work.

19. On numerous occasions the Plaintiff asked NCO's agent named Chris to stop calling her at work. He did not; in fact, the calls at work increased up to as many as 3 calls in one day.

20. The actions of the Defendants as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq., Texas Debt Collection Practices Act § 392.001 et seq., Texas Finance Code. and the "Texas Deceptive Trade Practices Act", Business and Commerce Code, §17.01 *et. seq.*

21. The Defendant has a significant, substantial, and serious history of unconscionable collection methods. The Plaintiff avers that this history enhances the seriousness of the violations in this case and in fact requires the award of substantial punitive damages in this matter.

22. The Defendant, NCO Financial Systems, Inc. has failed to implement any effective procedures to eliminate the unlawful contacts and conduct with consumer,..

23. The Defendant, NCO Financial Systems, Inc. has failed to implement any effective procedures to insure that no effort will be made to contact consumer debtors who are represented by attorneys.

24. The failure of the Defendant to correct the gross irregularities with their consumer credit collection systems is designed, upon information and belief, to prevent consumers from seeking redress through the courts due to their inability to afford and/or find competent legal counsel.  The Defendant, by ignoring their obligations under the various Federal and State consumer protection statutes, have attempted to create for themselves a virtual immunity from civil liability by unlawfully collecting millions of dollars while paying only thousands of dollars for the very few causes where their illegal acts are subject to affirmative consumer enforcement cases.  The Defendant has essentially granted to themselves a license to push the boundaries of responsible business practices beyond their furthest limits, fully aware that relatively few, if any, consumer will be able to seek appropriate legal remedies.

25. The Plaintiff therefore allege that these grossly negligent and intentional acts of misconduct violate fundamental notions of fairness and are procedurally and substantively unconscionable.

26. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

### First Claim, Violation of the Federal Fair Debt Collection Practices Act

27. The Plaintiff sues the Defendant, NCO Financial Systems, Inc. for damages, and incorporates paragraphs 1-26, as though specifically plead herein, and she further alleges the following:

28. The foregoing acts and omissions by the Defendant constitutes violations of the FDCPA, which include, but are not limited to, the following:

>(a) The Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

>(b) The Defendant violated 15 U.S.C. Section 1692c(a)(2) in contacting the Plaintiff when the Defendant knew the consumer was represented by an attorney.

>(c) The Defendant violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had requested the Defendant cease communications with the Plaintiff.

>(d) The Defendant violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by the Defendant.

29. As a direct and proximate result of the Defendants actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including, but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.48. The Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of said Statute. Accordingly, the Plaintiff seeks reasonable attorney's fees and costs pursuant to said Statute.

30. The Plaintiff is therefore entitled to an award of actual and or statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

## Second Claim – Additional Violation of The FDCPA

31. The Plaintiff sues the Defendants, NCO Financial Systems, Inc. for damages, and incorporates paragraphs 1-30, as though specifically plead herein, and she further alleges the following:

32. The Defendants additionally violated the FDCPA. Defendants' violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

33. As a direct and proximate result of the Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including, but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

34. The Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of said Statute. Accordingly, the Plaintiff seeks reasonable attorney's fees and costs pursuant to said Statute.

35. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

**Third Claim- - Texas Debt Collection Practices Act and Texas Deceptive Trade Practices Act**

36. The actions of the Defendant violated the Texas Debt Collection Practices Act Sections 392.001 *et seq.*, Texas Finance Code.

37. Plaintiff is a "consumer" within the meaning of Section 392.001 of the Texas Finance Code, and the debt in question is a "consumer debt" within the meaning of such statute.

38. The acts, omissions, and conduct of the Defendant, as alleged above, constitute violations of the following provision of the Texas Debt Collection Practices Act:

    a. Misrepresenting the character, extent, or amount of a consumer debt, in violation of Section 392.304(s)(8) of the Texas Finance

Code.

39. Pursuant to such violation of law, Plaintiff is entitled to relief provided by Section 392.403 of the Texas Finance Code, including but not limited to recovery of all actual damages sustained as a result of violations of such provisions of the Texas Debt Collection Practices Act, all actual direct and indirect economic damages, including by not limited to damages for loss of credit and damage to credit reputation, attorney's fees, and mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages, all in amounts exceeding the minimum jurisdiction limits of the Court.

40. Also, pursuant to Section 392.403 of the Texas Finance Code, Plaintiff is entitled to recover his attorney's fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court, in amounts exceeding the minimum jurisdiction limits of this Court.

41. Pursuant to the Section 392.404 of the Texas Finance Code, all of the above and foregoing violations of the Texas Finance Code also constitute deceptive trade practices in violation of the Texas Deceptive Trade Practices Act, and are actionable thereunder. Pursuant to Section 17.505(b) of the Texas Business and Commerce Code, 60 days written notice of the Deceptive Trade Practices Act violation has not been provided because this claim is asserted by way of counterclaim. Therefore, Plaintiff is entitled to recovery of all her actual and consequential damages, of which such illegal acts are the producing cause, and other relief as deemed appropriate by the Court, pursuant to Section

17.50 of the Texas Deceptive Trade Practices Act.

42. Such actual and consequential damages, plus interest to the maximum allowed by law, should be trebled pursuant to applicable provisions of law, in amounts exceeding the minimum jurisdiction limits of this Court.

43. As a direct and proximate result of the Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including, but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

That the Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: 26th day of February, 2007

Respectfully Submitted

Billy D Fiew

BILLY D. PRICE, P.C.
Billy D. Price
State Bar No. 16283860
5489 Blair Rd., Suite 425
Dallas, Texas 75231
(214) 696-6901
(214) 696-9635 (Fax)
ATTORNEY FOR DEBTOR-PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint for Damages has been served by me on this 26th day of February, on the parties listed below by the method indicated:

**VIA CERTIFIED MAIL RRR#**
NCO Financial Systems, Inc.
c/o CT Corporation System
350 N. St. Paul Street
Dallas, TX 75201

**VIA FIRST CLASS MAIL**
Preyer, Deneen Lynette
3100 E. Park Row #L109
Arlington, TX  76010

**VIA FIRST CLASS MAIL**
Timothy Truman
6851 N.E. Loop 820
Suite 300
North Richland Hills, TX  76180

**VIA FIRST CLASS MAIL**
United States Trustee
1100 Commerce, Rm 976
Dallas, TX 75242

By: _____
Billy D. Price
SBN 16283860

§JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Leneen Lynette Preyer

**(b)** County of Residence of First Listed Plaintiff: Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
NCO Financial Systems, Inc

County of Residence of First Listed Defendant: n/a
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**4-07CV-133-Y**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause: Fair Debt Collection Practices Act,

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 2/26/07
SIGNATURE OF ATTORNEY OF RECORD: Billy D. Puree

**FOR OFFICE USE ONLY**

RECEIPT # FW260   AMOUNT 350   APPLYING IFP ____   JUDGE Y   MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:   U.S. Civil Statute: 47 USC 553
                        Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. **If a related case exists, <u>whether pending or closed,</u> insert the docket numbers and the corresponding judge names for such cases.** A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# United States District Court
## Northern District of Texas

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: **4-07CV-133-Y**

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____   DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A)  Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y)  Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.

Information is attached regarding trials by a United States magistrate judge, receiving electronic notice, and the court's privacy policy.